IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv117 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Williams, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On March 10, 2016, following a jury trial in the 411th Judicial District Court for Polk County, Texas, petitioner was convicted of one count of murder, cause no. 24343. Petitioner was sentenced to a term of imprisonment for life in the Texas Department of Criminal Justice, Correctional Institutions Division.

Petitioner appealed his conviction to the Ninth Court of Appeals in Beaumont. The appellate court affirmed the judgment of the trial court on October 4, 2017. Petitioner then filed a petition for discretionary review with the Texas Court of Criminal Appeals. The Texas Court of Criminal

Appeals refused his petition for discretionary review on February 28, 2018. Petitioner did not file a petition for writ of certiorari to the Supreme Court.

Petitioner filed a state application for writ of habeas corpus on March 22, 2019. The application was denied without written order on April 10, 2019.

Petitioner filed the above-styled federal petition for writ of habeas corpus on June 24, 2019.[1]

<u>Analysis</u>

Title 28 U.S.C. § 2244 imposes a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. Specifically, 28 U.S.C. § 2244(d)(1) provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Petitioner declared he placed the petition in the prison mailing system on June 24, 2019.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's petition for discretionary review was refused by the Texas Court of Criminal Appeals on February 28, 2018. Petitioner did not file a petition for writ of certiorari with the Supreme Court; thus, his conviction became final on May 29, 2018. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Accordingly, the limitations period expired on May 29, 2019, absent any tolling.

Petitioner filed his first application for writ of habeas corpus in state court on March 22, 2019. The application was denied without written order by the Texas Court of Criminal Appeals on April 10, 2019; thus, the limitations period was tolled for a period of 20 days. Therefore, the limitations period expired on June 18, 2019. As a result, this petition for writ of habeas corpus, filed June 24, 2019, is barred by the applicable period of limitations.[2] Accordingly, the petition should be dismissed.

## Recommendation

The above-styled petition should be dismissed as barred by limitations.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

---

[2] The Court notes the petition is absent any allegations that exceptional circumstances existed to potentially warrant the application of equitable tolling.

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 5th day of November, 2019.

_____
Zack Hawthorn
United States Magistrate Judge